## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JOHNNY LEE WESLEY, JR. #42421-083     :

Plaintiff                       : CIVIL ACTION NO. AW-06-2930

       v.                    :

HARLEY G. LAPPIN, Director
Bureau of Prisons             :
       and
K.M.  WHITE, Director        :
Mid-Atlantic Region
       and               :
RICHARD W. SCHOTT
Regional Counsel            :

Defendants                  :

..oOo..

## MEMORANDUM

Pending is a pro se action filed by Johnny Lee Wesley, a federal prisoner incarcerated at FCI- Cumberland, Maryland. Wesley seeks to stop his payment of fines through the Bureau of Prisons' Inmate Financial Responsibility Program (IFRP) and recover amounts already paid.[1] He contends that he has exhausted available administrative remedies.  The Court will grant Wesley's motion to proceed in forma pauperis and grant him thirty days to supplement the Complaint as provided below. In addition, the Court will direct Defendants to file a response.

Wesley asserts payment of fines through the IFRP violates the ruling in *United States v. Miller*, 77 F3d. 71, 78 (4th Cir. 1996). Further, he asserts that Defendants have violated his rights

---

[1]     Electronic records accessed through the Pacer system show the United States District Court for the Eastern District of Virginia sentenced Wesley to multiple life sentences after a jury found him guilty of murder in furtherance of drug trafficking and conspiracy to possess and distribute crack cocaine.  The district court also order that he pay restitution in the amount of $100,000.  *See United States v. Russell*, et al. 97:cr-382 (HCM) (E.D. Va.).

to equal protection and due process of law, and he seeks damages as relief. To the extent Wesley

raises claims of civil rights violations by BOP employees, the Court construes them pursuant to

the holding in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403,

U.S. 388 (1971).   Specifically, Wesley claims that he "was threatened with physical harm and

sanctions" if he refused to consent to payment through the program. Complaint at 4.   Wesley

also contends he was threatened with loss of commissary privileges, and later transferred  from a

two-inmate to a three-inmate cell when he refused to sign the IFRP contract in September of

2004.

In order for his *Bivens* claims to proceed, Wesley must specify what acts taken by each

Defendant to show actual involvement in the conduct alleged. *See Wright v. Smith*, 21 F.3d. 496,

501 (2nd Cir. 1994). In a *Bivens* action,  vicarious liability for supervisors cannot form the basis

of a claim for a violation of a constitutional right. *See Rizzo v. Good*, 423 U.S. 362 (1976).  For

this reason, the Court will grant Wesley thirty days to supplement the complaint by explaining

what specific actions were taken by Defendants or other prison officials to threaten him with

harm or sanctions.

Contrary to Wesley's assertions, *United States v. Miller,* did not declare payments

through the IFRP illegal.  In *Miller*, the United States Court of Appeals for the Fourth Circuit

stated that a district court may not delegate its authority to set the amount and timing of fines or

restitution to the Bureau of Prisons (BOP). *See Miller*, 77 F.3d at 77-78.   The appellate court

further indicated that a court may, while retaining ultimate responsibility for setting the timing

and amount of payments, enlist the assistance of other entities to effect collection. *See id.* [2]

---

[2]        There is ample case precedent for the proposition that the BOP has the discretion
to place an inmate in the IFRP when the sentencing court has ordered payment of the
court-imposed fine.  *See McGhee v. Clark,* 166 F.3d 884, 886 (7th Cir.1999); *Montano-Figueroa*

In this case, it appears that the sentencing court did not initially establish a payment schedule for Wesley. Exhibit A.  According to Wesley,  in September of 2005, the BOP temporarily exempt Wesley's participation in the IFRP pending inquiry as to whether the sentencing wanted to establish a payment schedule.  *See id.*  Wesley does not indicate whether the sentencing court subsequently established a payment schedule.  Accordingly, the Court will direct the government to respond to the IFRP claim.

A separate order will be issued: 1)  granting Wesley leave to proceed in forma pauperis; 2)  granting Wesley thirty days to supplement the Complaint, and 3) directing the United States Attorney for the District of Maryland to file a response within ninety days.

Date: December 4, 2006

_____/s/_____
Alexander Williams, Jr.
United States District Judge

v. Crabtree, 162 F.3d 548, 549-50 (9th  Cir.1998)) see also 28 C.F.R. § 545.11 (requiring inmates to make payments towards court-ordered obligations, including fines). The IFRP has uniformly been upheld against constitutional due process challenges.  See Weinberger v. United States, 268 F.3d 346, 360 (6th  Cir. 2001); Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2nd  Cir. 1990); James v. Quinlan, 866 F.2d 627, 629 (3rd Cir. 1989); United States v. Callan, 96  Fed. Appx. 299, 301 (6th  Cir. 2004) (noting that the authority that exists supports the IFRP against general, and due process, challenges); Coleman v. Brooks 133 Fed Appx. 51 (4th Cir. 2005).